IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02456-BNB

JEREMY PINSON,

   Plaintiff,

v.

HARLEY LAPPIN,
DELBERT SAUERS, and
SARA REVELL,

   Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 23 2011

GREGORY C. LANGHAM
                    CLERK

## ORDER DENYING MOTION TO VACATE

This matter arises on the "Motion to Vacate Judgment" filed by Plaintiff, a *pro se* prisoner litigant, on January 31, 2011. Mr. Pinson is in the custody of the United States Bureau of Prisons and currently is incarcerated at the Federal Correctional Institution in Talladega, Florida. Mr. Pinson seeks reconsideration of the Order of Dismissal and the Judgment entered on January 12, 2011. The Court must construe the Motion liberally because Mr. Pinson is proceeding *pro se*. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion.

The Court dismissed the Complaint and action without prejudice because Mr. Pinson failed to comply with Magistrate Judge Boyd N. Boland's Order of November 17, 2011, to either pay an initial partial filing fee or show cause why he has no assets and no means by which to pay the designated fee by submitting a certified trust fund account statement.

A litigant subject to an adverse judgment who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Pinson's Motion to Vacate pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action on January 12, 2011. *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to vacate is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243). Upon consideration of the Motion and the entire file, the Court concludes, based on the following findings, that Mr. Pinson fails to demonstrate some reason why the Court should alter or amend the January 12 Order of Dismissal and Judgment in this action.

In the Motion to Vacate, Mr. Pinson argues that the account statement he submitted on November 26, 2010, was the only statement the "trust fund department" would give him and the department would not certify the statement. (Mot. at 2.) Mr.

2

Pinson further contends that he has shown funds do not exist in his account because the original account statement that he submitted on November 15, 2010, which was certified, showed he had a balance of $0.00 in his account on October 8, 2010, the date he submitted the Complaint to the Court.

On February 7, 2011, Mr. Pinson filed a "Supplement to Motion to Vacate Judgment." Attached to the Supplement is a letter dated January 19, 2011, that is addressed to Mr. Pinson's counselor and requests a certified account statement. In the letter, Mr. Pinson informs the counselor that his case was dismissed because he did not provide a certified account statement to the Court, and that the counselor caused the dismissal because he would not certify an account statement.

Mr. Pinson has asserted two conflicting reasons for not providing a certified account statement to the Court. In the Motion to Vacate, Mr. Pinson states that the trust fund department would not provide a certified account statement, but in the Supplement he states that his counselor would not certify the account statement. The letter that Mr. Pinson has attached to the Supplement is not signed by Mr. Pinson nor does it include any stamp of receipt by a prison staff member. Furthermore, Mr. Pinson still has not provided evidence of any request he submitted prior to the dismissal of this action asking for a certified account statement that was denied.

Finally, Mr. Pinson's ability to pay the initial partial filing fee is not based on the amount of money in his account at the time he submitted a complaint for filing but the amount of money in a prisoner's account at the time a court requests a payment. Also, the initial partial filing fee is calculated on a six-month average of either the deposits to or the balance in a prisoner's trust fund account. *See* 28 U.S.C. § 1915(b)(1).

Therefore, the Motion will be denied. Mr. Pinson is reminded that because the instant action was dismissed without prejudice he may pursue his claims by filing a new civil action if he chooses. Accordingly, it is

ORDERED that Mr. Pinson's Motion to Vacate Judgment (Doc. No. 16) filed on January 31, 2011, is construed as filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this 22nd day of February, 2011.

BY THE COURT:

*Zita Leeson Weinshienk*

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02456-BNB

Jeremy Pinson
Reg. No. 16267-064
USP Atlanta
601 McDonough Blvd., S.E.
Atlanta, GA 30315

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on February 23, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk